IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH COLEMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22-CV-16 |
| v. | ) |
| | ) |
| SOO LINE RAILROAD D/B/A | ) |
| CANADIAN PACIFIC RAILWAY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S FIRST COMPLAINT**

NOW COMES, Plaintiff, Keith Coleman, by and through his attorney, Cynthia M Rote, and in complaint of Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway states as follows:

**INTRODUCTION**

1. Plaintiff, Keith Coleman was an employee of Soo Line Railroad d/b/a Canadian Pacific Railway, and brings this case pursuant to the Civil Rights Act of 1964, 42 § 2000e *et seq.*, as amended by the Civil Rights Act of 1991.

**JURISDICTION AND VENUE**

2. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991. Therefore, this Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f)(3).

3. Venue in the district is proper under 28 U.S.C. § 1391(b). The Defendant resides in the Northern District, Eastern Division, and the events giving rise to Plaintiff's claim occurred here.

4. All conditions precedent to jurisdiction have occurred or been complied with:

    a. Plaintiff, Keith Coleman (hereinafter "COLEMAN") filed charge No. 21B-2020-00128 against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway (hereinafter "DEFENDANT" or "CP") on October 22, 2019, with the Illinois Department of Human Rights, which was cross-filed with the Equal Employment Opportunity Commission, (hereinafter "EEOC"), a copy of which is attached hereto as **Exhibit 1**.

    b. The EEOC issued COLEMAN a notice of right to sue on charge No. 21B-2020-00128 a copy of which is attached hereto as **Exhibit 2**.

    c. COLEMAN filed charge 21-B-2020-01667 against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway (hereinafter "CP") on August 18, 2020, with the Illinois Department of Human Rights, which was cross-filed with the EEOC, a copy of which is attached hereto as **Exhibit 3**.

    d. The EEOC issued COLEMAN a notice of right to sue on charge No. 21-B-2020-01667 a copy of which is attached hereto as **Exhibit 4**.

## PARTIES

5. Plaintiff, COLEMAN, is a citizen of the United States and the State of Illinois and resides in Cook County, Illinois. At all times material to the Complaint COLEMAN was employed by Defendant, CP, in Cook County, Illinois.

6. Defendant, CP, at all times relevant to the Complaint, is a corporation registered and domiciled in the State of Illinois, and has been since 1961.

7. At all times material, CP was an employer as defined within the meanings of Title VII.

8. At all times material, CP had a statutory duty to take all reasonable and necessary steps to eliminate discrimination and retaliation from the workplace and to prevent it from

happening in the future.

## COMMON FACTUAL ALLEGATIONS

9. On or about October of 1997 COLEMAN began his employment with Defendant, CP.

10. At all relevant times hereto COLEMAN was employed as a Locomotive Engineer by DEFENDANT.

11. In 2008 COLEMAN participated in protected activity when he filed a lawsuit against DEFENDANT alleging harassment based on race.

12. In March 2017, COLEMAN participated in protected activity when he gave a deposition in a federal employment case brought against DEFENDANT and testified truthfully relating to discrimination and retaliation by DEFENDANT.

13. Beginning in 2017, COLEMAN began receiving unjustified discipline by DEFENDANT.

14. DEFENDANT continued to assess unjustified discipline to COLEMAN in 2018 and 2019.

15. On April 22, 2019, COLEMAN sent an email to Keith Creel, President and Chief Executive Officer of DEFENDANT, complaining about unfair treatment stating Doug Carl was conspiring to terminate COLEMAN.

16. In May 2019 COLEMAN reported to DEFENDANT's Human Resources Department (Amanda Cobb) and DEFENDANT's Superintendent (Joshua Bahruth) that DEFENDANT was discriminating against him based on his race.

17. On October 9, 2019, DEFENDANT through its Road Foreman Doug Carl removed COLEMAN from service.

18. On October 19, 2019, DEFENDANT through its Superintendent Josh Bahruth telephoned COLEMAN and told COLEMAN that he was terminated.

4 | P a g e

19. On October 21, 2019, COLEMAN received a letter from DEFENDANT terminating his employment.

20. On January 14, 2021, the Public Law Board No. 7786 reinstated COLEMAN's employment without back pay.

## COUNT I
## RACE DISCRIMINATION

21. COLEMAN reallages paragraphs one through twenty (1-20) above as if fully stated herein.

22. COLEMAN is African American. As such COLEMAN is a member of a class protected under Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C.A. §§2000e to 2000e-17.

23. At all relevant times COLEMAN was performing his duties and responsibilities as an employee of CP in a manner that met or exceeded the reasonable expectations of CP.

24. On October 9, 2019, DEFENDANT through its Road Foreman Doug Carl removed COLEMAN from service.

25. Similarly situated employees whose race is not African American were not treated in the same manner by CP.

26. As detailed above COLEMAN made numerous complaints to CP's management and human resources Department relating to the unfair treatment and discrimination by CP.

27. CP failed to take any corrective action regarding the above.

28. CP's failure to take corrective action was race discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended.

29. CP's discriminatory actions caused COLEMAN to suffer severe humiliation, embarrassment, degradation, physical and emotional distress.

30. As a direct and proximate cause of the intentional and discriminatory acts of CP complained herein, COLEMAN suffered and will continue to suffer pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

31. COLEMAN demands a trial by jury.

**WHEREFORE**, COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

B. Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C. Order modifications or elimination of Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race;

D. Compensate and make COLEMAN whole for all benefits he would have received but for the racially discriminatory practices of CP;

E. Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F. Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G. Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H. Grant such other Relief as may be just and proper.

6 | P a g e

## COUNT II
## RACE DISCRIMINATION

32. COLEMAN reallages paragraphs one through twenty (1-20) above as if fully stated herein.

33. COLEMAN is African American. As such COLEMAN is a member of a class protected under Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C.A. §§2000e to 2000e-17.

34. At all relevant times COLEMAN was performing his duties and responsibilities as an employee of CP in a manner that met or exceeded the reasonable expectations of CP.

35. On October 19, 2019, DEFENDANT through its Superintendent Josh Beruit telephoned COLEMAN and told COLEMAN that he was terminated.

36. On October 21, 2019, COLEMAN received a letter from DEFENDANT terminating his employment.

37. Similarly situated employees whose race is not African American were not treated in the same manner by CP.

38. As detailed above COLEMAN made numerous complaints to CP's management and human resources Department relating to the unfair treatment and discrimination by CP.

39. CP failed to take any corrective action regarding the above.

40. CP's failure to take corrective action was race discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended.

41. CP's discriminatory actions caused COLEMAN to suffer severe humiliation, embarrassment, degradation, physical and emotional distress.

42. As a direct and proximate cause of the intentional and discriminatory acts of CP complained herein, COLEMAN suffered and will continue to suffer pecuniary losses,

emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

43. COLEMAN demands a trial by jury.

**WHEREFORE**, COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

B. Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C. Order modifications or elimination of Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race;

D. Compensate and make COLEMAN whole for all benefits he would have received but for the racially discriminatory practices of CP;

E. Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F. Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G. Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H. Grant such other Relief as may be just and proper.

**COUNT III**
**RETALIATION**

44. COLEMAN reallages paragraphs one through twenty (1-20) above as if fully stated

herein.

45. Title VII makes it an unlawful employment practice for an employer to retaliate against any employee who opposes or otherwise complains about an unlawful employment practice.

46. At all relevant times COLEMAN was performing his duties and responsibilities as an employee of Soo Line Railroad d/b/a Canadian Pacific Railway in a manner that met or exceeded the expectations of CP.

47. As detailed above COLEMAN made numerous complaints to CP's management and human resources Department relating to the harassment and discrimination he suffered.

48. CP failed to take any corrective action regarding the above.

49. Instead, CP removed COLEMAN from service on or about October 9, 2019.

50. COLEMAN's removal from service followed his complaints of discrimination within a short period of time, thereby raising an inference of retaliatory motivation.

51. CP's failure to take corrective action was retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

52. CP's discriminatory and retaliatory actions caused COLEMAN to suffer severe humiliation, embarrassment, degradation and emotional distress.

53. The actions of CP are willful and intentional.

54. As a direct and proximate cause of the intentional and discriminatory acts of CP complained herein, COLEMAN suffered and will continue to suffer pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

55. COLEMAN demands a trial by jury.

**WHEREFORE**, COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A. Enter a declaratory judgment that the practices complained of herein are unlawful and

violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

B. Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C. Order modifications or elimination Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not retaliate against employees who make complaints of discrimination;

D. Compensate and make COLEMAN whole for all benefits he would have received but for the racially discriminatory practices of CP;

E. Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F. Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G. Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H. Grant such other Relief as may be just and proper.

## COUNT IV
## RETALIATION

56. COLEMAN reallages paragraphs one through twenty (1-20) above as if fully stated herein.

57. Title VII makes it an unlawful employment practice for an employer to retaliate against any employee who opposes or otherwise complains about an unlawful employment practice.

58. At all relevant times COLEMAN was performing his duties and responsibilities as an employee of Soo Line Railroad d/b/a Canadian Pacific Railway in a manner that met or exceeded the expectations of CP.

59. As detailed above COLEMAN made numerous complaints to CP's management and

human resources Department relating to the harassment and discrimination he suffered.

60. CP failed to take any corrective action regarding the above.

61. Instead, CP terminated COLEMAN via telephone call on October 19, 2019 and via letter on or about October 21, 2019.

62. COLEMAN's termination followed his complaints of discrimination within a short period of time, thereby raising an inference of retaliatory motivation.

63. CP's failure to take corrective action was retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

64. CP's discriminatory and retaliatory actions caused COLEMAN to suffer severe humiliation, embarrassment, degradation and emotional distress.

65. The actions of CP are willful and intentional.

66. As a direct and proximate cause of the intentional and discriminatory acts of CP complained herein, COLEMAN suffered and will continue to suffer pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

67. COLEMAN demands a trial by jury.

**WHEREFORE**, COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

B. Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C. Order modifications or elimination Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such practices shown

to be in violation of applicable law so that they will not retaliate against employees who make complaints of discrimination;

D. Compensate and make COLEMAN whole for all benefits he would have received but for the racially discriminatory practices of CP;

E. Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F. Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G. Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H. Grant such other Relief as may be just and proper.

**Respectfully Submitted,**

**KEITH COLEMAN**

By: /s// *Cynthia M Rote*

Integrate Legal, P.C.
Cynthia M Rote
516 Main Street, Suite 1
Pecatonica, Illinois 61063
(815) 255-4695
Service@Integrate-Legal.com