# EXHIBIT F

## BEFORE PUBLIC LAW BOARD NO. 7786

### SMART UNION – TRANSPORTATION DIVISION
### (SMART-TD/UTU)
### and
### SOO LINE/CANADIAN PACIFIC RAILROAD COMPANY

### Case No. 178

**STATEMENT OF CLAIM:**

Appeal on behalf of engineer K. Coleman for the removal of an unjust dismissal from service. A formal request is hereby made for (01) payment of all time lost – including any deferred suspension served as a result of the same, including the loss of earnings due to attending the investigation, not subject to deductions for outside earnings, if any, and (02) that such reimbursement and compensation be properly credited and distributed with regard to Railroad Retirement payments (03) that all seniority rights, benefits, and privileges be restored (04) that his discipline record, personal service record, and work record be cleared of any reference to the charges lodged in this matter, and (05) that his T&E Vacation Credit Bank be increased to reflect days he would have worked had he not been required to attend the investigation and assessed discipline (06) that he be reimbursed for any medical, dental or vision care expenses and/or premium payments incurred should his Health/Welfare coverage have lapsed as a consequence of this absence, plus (07) any other benefits which would be provided to him as a Canadian Pacific Railway (SOO Line) engineer, and (08) that he be paid on an earnings-lost basis to requalify on any operating rules and instructions as well as the physical characteristics of any territory that may be lost as a result of this absence from duty for an alleged violation of GOI Section 1, 35.1: Use of Throttle; GOI Section 3, 11.1 Class III Brake Pipe Continuity Test; MOP Notice #10 Section 3, 11.1; and GOI Section 3, 11.2: Brake Pipe Continuity Test Procedure.

**FINDINGS:**

By notice dated October 9, 2019, and revised on October 15, 2019, the Claimant was directed to attend a formal investigation to determine whether the Claimant allegedly had violated Carrier's Rules and/or Policies in connection with an October 8, 2019, incident in which the Claimant allegedly engaged in improper train handling and failed to perform a Class III Brake Pipe Continuity Test. The investigation was conducted, as

1

scheduled, on October 16, 2019. By letter dated October 21, 2019, the Claimant was informed that as a result of the investigation, he had been found guilty as charged and was being dismissed from the Carrier's service. The Organization subsequently filed the instant claim on behalf of the Claimant, challenging the Carrier's decision to discipline him. The Carrier denied the claim.

The Carrier contends that the instant claim should be denied in its entirety because substantial evidence demonstrates that the Claimant is guilty as charged, because the Claimant was afforded a fair and impartial investigation, because there is no merit to the Organization's claims, and because the discipline imposed was justified based on the severity of the proven charges, the Claimant's prior discipline record, and the Carrier's discipline process. The Organization contends that the instant claim should be sustained in its entirety because the Carrier failed to afford the Claimant a fair and impartial hearing, because the Carrier showed bias against the Claimant by removing only him from service and not the conductor, because the Carrier failed to meet its burden of proof, because the Carrier failed to properly investigate this matter, because the Carrier rushed to judgment and overlooked the facts presented at the hearing, and because the discipline imposed was unjust, harsh, excessive, and an abuse of discretion.

The parties being unable to resolve their dispute, this matter came before this Board.

This Board has reviewed the procedural arguments raised by the Organization, and we find them to be without merit. The record reveals that the Claimant was guaranteed all of his due process rights throughout the proceeding.

2

This Board has reviewed the evidence and testimony in this case, and we find that there is sufficient evidence in the record to support the finding that the Claimant was guilty of violating General Operating Instructions 1, 35.1, 1.42.1, 3, 11.1, and 3, 11.2, when he engaged in improper train handling and failed to perform a Class III Brake Pipe Continuity Test while working Train 281-8 on October 8, 2019. The Carrier supported the charges with testimony from a supervisor as well as the engine download. The Claimant clearly failed to take the proper care when he increased his throttle from one notch to three notch. The Claimant admitted that the engineers are required to follow the guidelines set forth in the exhibits. The Claimant also admitted that there was improper train handling.

Once this Board has determined that there is sufficient evidence in the record to support the guilty finding, we next turn our attention to the type of discipline imposed. This Board will not set aside a Carrier's imposition of discipline unless we find its actions to have been unreasonable, arbitrary, or capricious.

The Claimant in this case was dismissed for his wrongdoing. However, given the mitigating factors that are evident in this record, this Board must find that the Carrier acted unreasonably, arbitrarily, and capriciously when it terminated the Claimant's employment in this case. Therefore, we order that the Claimant be reinstated to service but without back pay. The Claimant is being reinstated on a last-chance basis and the last-chance status shall remain in effect for one year from the date of this Award. The period of time that the Claimant was off work shall be considered a lengthy disciplinary suspension.

3

**AWARD**:

The claim is sustained in part and denied in part. The Claimant shall be reinstated to employment but without back pay. The Claimant is being reinstated on a last-chance basis and the last-chance status shall remain in effect for one year from the date of this Award. The period of time that the Claimant was off work ~~shall~~ be considered a lengthy disciplinary suspension.

_____
PETER R. MEYERS
Neutral Member

_____
**ORGANIZATION MEMBER**
**DATED:** January 14, 2021

_____
**CARRIER MEMBER**
**DATED:** January 14, 2021

4