**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Keith Coleman,

          Plaintiff,

v.

                                              **Case No.: 1:22-cv-00016**

Soo Line Railroad Company
d/b/a Canadian Pacific,

          Defendant.

## DEFENDANT'S ANSWER TO
## PLAINTIFF'S AMENDED COMPLAINT

For its Answer, Defendant Soo Line Railroad Company d/b/a Canadian Pacific ("Defendant" or "CP") denies each and every allegation, statement, matter, and conclusion in Plaintiff Keith Coleman's ("Plaintiff" or "Coleman") Amended Complaint (hereinafter referred to as "Complaint"), except as is expressly admitted, pleaded or otherwise answered herein. CP otherwise states and avers as follows:

1. Plaintiff, Keith Coleman was an employee of Soo Line Railroad d/b/a Canadian Pacific Railway, and brings this case pursuant to the Civil Rights Act of 1964, 42 § 2000e *et seq*., as amended by the Civil Rights Act of 1991.

**RESPONSE:** Defendant admits only that Plaintiff was an employee of Defendant. Otherwise, the remainder of this paragraph merely recites the statute under which Plaintiff purports to assert his claims, each and all of which Defendant denies.

2. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended by the Civil Rights Act of 1991. Therefore, this Honorable Court has

177714509

jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f)(3).

**RESPONSE:** As to paragraph 2, Defendant states that such paragraph merely recites the statute under which Plaintiff purports to raise his claims, each and all of which Defendant denies. The remainder of this paragraph calls for a legal conclusion as to jurisdiction to which no response is required. Defendant preserves any and all jurisdictional defenses including the assertion that some or all of Plaintiff's claims are precluded by the Railway Labor Act ("RLA").

3.      Venue in the district is proper under 28 U.S.C. § 1391(b). The Defendant resides in the Northern District, Eastern Division, and the events giving rise to Plaintiff's claim occurred here.

**RESPONSE:** As to paragraph 3, Defendant admits only that Defendant's Bensenville, Illinois rail yard is located in the federal Northern District of Illinois, but otherwise denies that Defendant "resides" in such district. The remainder of the paragraph calls for legal conclusions to which no response is required. Defendant preserves any and all arguments and defenses that some or all of Plaintiff's claims are precluded by the Railway Labor Act ("RLA").

4.      All conditions precedent to jurisdiction have occurred or been complied with:

a.      Plaintiff, Keith Coleman (hereinafter "COLEMAN") filed charge No. 21B-2020‒00128 against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway (hereinafter "DEFENDANT" or "CP") on October 22, 2019, with the Illinois Department of Human Rights, which was cross-filed with the Equal Employment Opportunity Commission, (hereinafter "EEOC"), a copy of which is attached hereto as **Exhibit 1**.

b. The EEOC issued COLEMAN a notice of right to sue on charge No. 21B-2020¬00128 a copy of which is attached hereto as **Exhibit 2**.

c. COLEMAN filed charge 21-B-2020-01667 against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway (hereinafter "CP") on August 18, 2020, with the Illinois Department of Human Rights, which was cross-filed with the EEOC, a copy of which is attached hereto as **Exhibit 3**.

d. The EEOC issued COLEMAN a notice of right to sue on charge No. 21-B-2020¬01667 a copy of which is attached hereto as **Exhibit 4**.

e. COLEMAN filed charge number 21B-2021-01305 against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway (hereinafter "CP") on September 21, 2021, with the Illinois Department of Human Rights, which was cross-filed with the EEOC, a copy of which is attached hereto as **Exhibit 5**.

f. The EEOC issued COLEMAN a notice of right to sue on Charge 21B-2021- 01305 a copy of which is attached hereto as **Exhibit 6**.

**RESPONSE:** As to paragraph 4 and its respective subparts, Defendant states that exhaustion of conditions precedent to suit call for legal conclusions to which no response is required and further states that the notices attached to the Amended Complaint speak for themselves. Further stating as to the following subparts:

As to paragraph 4(a) and Exhibit 1 referenced thereto, the Charge Number referenced in such exhibit is the Illinois Department of Human Rights Charge Number 2020CF0705 and the charge number set forth above by Plaintiff is not referenced or stated therein;

As to paragraph 4(c) and Exhibit 3 referenced thereto, the Charge Number reflected on that charge form references a different charge number (2021CF0130) than the referenced number above;

As to paragraph 4(e) and Exhibit 5 referenced thereto, the Charge Number reflected on that charge form references a different charge number (2022CA0198) than the referenced number by Plaintiff above. Further, the receipt date stamp reflects a date of September 22, 2021, not September 21, 2021 as pled.

Defendant further states that the allegations of this paragraph call for legal conclusions to which no response is required; answering further, Defendant preserves all arguments and defenses as to Plaintiff's timeliness and proper exhaustion of claims arising from the claims raised (or not timely raised or exhausted) in the First Amended Complaint and for which it is now too late to do so.

5.     Plaintiff, COLEMAN, is a citizen of the United States and the State of Illinois and resides in Cook County, Illinois. At all times material to the Complaint COLEMAN was employed by Defendant, CP, in Cook County, Illinois.

**RESPONSE:** As to paragraph 5, Defendant is without information sufficient to admit or deny Plaintiff's citizenship status or current state or county of residence.  As to the remaining allegations, Defendant states that Plaintiff was employed by Defendant beginning on October 12, 1998.  Defendant further states that the terms and conditions of his employment were governed by a Collective Bargaining Agreement ("CBA") between the Brotherhood of Locomotive Engineers & Trainmen ("BLET") and CP.  Plaintiff's unionized employment with CP was terminated by letter dated July 12, 2021 after it was determined following an investigation held pursuant to his

governing CBA that he violated CP rules which prohibit sleeping, napping, or reclining with closed eyes while on duty.

6.     Defendant, CP, at all times relevant to the Complaint, is a corporation registered and domiciled in the State of Illinois, and has been since 1961.

**RESPONSE:**     As to paragraph 6, Defendant states that it is incorporated in the state of Minnesota. Responding further, defendant admits that it does business within Illinois and has a registered agent within the state of Illinois.   Defendant denies the remaining allegations of this paragraph.

7.     At all times material, CP was an employer as defined within the meanings of Title VII.

**RESPONSE:**        With respect to paragraph 7, states that it calls for a legal conclusion to which no response is required.

8.     At all times material, CP had a statutory duty to take all reasonable and necessary steps to eliminate discrimination and retaliation from the workplace and to prevent it from happening in the future.

**RESPONSE:**   As to paragraph 8, Defendant states that this paragraph merely recites to a purported statutory duty without reference or citation to a specific law or statutory provision, to which such statutory language, if any, would speak for itself.  To the extent this paragraph alleges that Defendant violated any such duties, it denies any and all such allegations.

9.     On or about October of 1997 COLEMAN began his employment with Defendant, CP.

**RESPONSE:**  As to paragraph 9, Defendant denies that Plaintiff began working for CP in October 1997 and states that Plaintiff began his employment with CP on October 12, 1998.

10.    At all relevant times hereto COLEMAN was employed as a Locomotive Engineer by DEFENDANT.

**RESPONSE:** As to paragraph 10, Defendant admits only that Coleman worked as a unionized locomotive engineer for CP beginning on February 6, 2001 and remained in that position at all relevant times herein.

11.    In 2008 COLEMAN participated in protected activity when he filed a lawsuit against DEFENDANT alleging harassment based on race.

**RESPONSE:** Defendant denies the allegations of this paragraph.

12.    In March 2017, COLEMAN participated in protected activity when he gave a deposition in a federal employment case brought against DEFENDANT and testified truthfully relating to discrimination and retaliation by DEFENDANT.

**RESPONSE:** As to paragraph 12, Defendant admits only that Plaintiff was deposed in or around March 2017 in a lawsuit that was not filed or pursued by him, over four years before his rightful removal from service and dismissal for sleeping, napping, or reclining with closed eyes while on duty. Answering further, Defendant can neither confirm nor deny the truth or falsity of his allegation that he testified truthfully during that deposition.

13.    Beginning in 2017, COLEMAN began receiving unjustified discipline by DEFENDANT.

**RESPONSE:** Defendant denies the allegations of paragraph 13.

14.    DEFENDANT continued to assess unjustified discipline to COLEMAN in 2018 and 2019.

**RESPONSE:** Defendant denies the allegations of paragraph 14.

15.      On April 22, 2019, COLEMAN sent an email to Keith Creel, President and Chief Executive Officer of DEFENDANT, complaining about unfair treatment stating Doug Carl was conspiring to terminate COLEMAN.

**RESPONSE:**  As to paragraph 15, states only that an email bearing the same date of April 22, 2019 exists which Plaintiff claims to have sent to Mr. Creel on such date, but puts Plaintiff to his strict proof thereof.  Defendant further states that the purported email speaks for itself and denies that such alleged email constitutes legally protected activity.

16.      In May 2019 COLEMAN reported to DEFENDANT's Human Resources Department (Amanda Cobb) and DEFENDANT's Superintendent (Joshua Bahruth) that DEFENDANT was discriminating against him based on his race.

**RESPONSE:**  As to paragraph 16, Defendant denies this paragraph.

17.      On October 9, 2019, DEFENDANT through its Road Foreman Doug Carl removed COLEMAN from service.

**RESPONSE:**  Defendant denies the allegations as pled in paragraph 17.

18.      On October 19, 2019, DEFENDANT through its Superintendent Josh Bahruth telephoned COLEMAN and told COLEMAN that he was terminated.

**RESPONSE:** As to paragraph 18, admits only that Mr. Bahruth called Plaintiff in accordance with CP's regular practice and read to Plaintiff the contents of the termination letter being sent to him by certified mail. Defendant otherwise denies the allegations in Paragraph 18.

19.      On October 21, 2019, COLEMAN received a letter from DEFENDANT terminating his employment.

177714509

**RESPONSE:** As to paragraph 19, Defendant is without information sufficient to admit or deny on what date Plaintiff received his termination letter, but states that his date of receipt should be reflected in the certified mail receipt.

20. On October 22, 2019, COLEMAN filed charges against DEFENDANT with the Illinois Department of Human Rights ("IDHR"), cross filed with the Equal Employment Opportunity Commission ("EEOC") of retaliation; and race discrimination.

**RESPONSE:** As to paragraph 20, Defendant admits that he filed charges on or about such date, but denies any liability to the claims asserted therein and preserves any and all defenses.

21. In August 2020 COLEMAN filed charges of retaliation against DEFENDANT with the IDHR, cross-filed with the EEOC.

**RESPONSE:** As to paragraph 21, Defendant admits that Plaintiff filed charges on or about such date, but denies any liability to the claims asserted therein and preserves any and all defenses.

22. On January 14, 2021, the Public Law Board No. 7786 reinstated COLEMAN's employment without back pay.

**RESPONSE:** As to paragraph 22, Defendant admits that the arbitration board issued a decision on Plaintiff's union appeal grieving his dismissal, but states that such award speaks for itself.

23. COLEMAN was required to undergo testing, including a physical to return to work.

**RESPONSE:** As to paragraph 23, states that given the safety-critical nature of the engineer role, Plaintiff was required to undergo a vision and hearing screening, physical testing, training and re-certification requirements to ensure he was qualified to operate locomotives (as are all of CP's engineers) before he was able to return to work.

24. COLEMAN completed testing and returned to work on or about April 2021.

**RESPONSE:** As to paragraph 24, admits that Plaintiff ultimately completed testing, but states that he was reinstated on May 17, 2021; otherwise denies.

25.     COLEMAN's testing revealed that he had sleep apnea, diabetes and high blood pressure.

**RESPONSE:** As to paragraph 25, Defendant denies the allegations as pled in this paragraph.

26.     COLEMAN asked DEFENDANT how to request a reasonable accommodation for his sleep apnea, diabetes, and high blood pressure and as told that I was not eligible for Family Medical Leave Act because I had not worked enough hours.

**RESPONSE:** As to paragraph 26, Defendant admits only that Defendant's third-party FMLA administrator denied Plaintiff's FMLA request because he had not worked enough hours in the last 365 days to qualify, but otherwise denies the allegations in this paragraph.

27.     COLEMAN again asked DEFENDANT how to request a reasonable accommodation for my sleep apnea, diabetes, and high blood pressure and DEFENDANT told COLEMAN to get a doctor's note.

**RESPONSE:** As to paragraph 27, Defendant admits only that Plaintiff emailed Human Resources Business Partner Sheri Perkins on June 9, 2020 and that such email speaks for itself. Defendant otherwise denies the allegations of this paragraph.

28.     COLEMAN provided DEFENDANT the documents they requested detailing his medical conditions.

**RESPONSE:** As to paragraph 28, denies the allegations of this paragraph as alleged.

29.     On June 24, 2021, COLEMAN, received a letter notifying him that he was being investigated.

**RESPONSE:** As to paragraph 29, Defendant is without information sufficient to admit or when he received his hearing notice to investigate his alleged sleeping while on duty which was discovered by CP on June 23, 2021.

30. On July 12, 2021, COLEMAN received a letter terminating his employment.

**RESPONSE:** As to paragraph 30, Defendant is without information sufficient to admit or deny when he received the letter terminating his employment.

31. COLEMAN realleges paragraphs one through thirty (1-30) above as if fully stated herein.

**RESPONSE:** Defendant incorporates its Responses to Paragraphs 1 through 30 as if fully set forth herein.

32. COLEMAN is African American. As such COLEMAN is a member of a class protected under Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C.A. §§2000e to 2000e-17.

**RESPONSE:** With respect to paragraph 32, Defendant cannot confirm or deny Plaintiff's race, but states that according to the Affirmative Action Voluntary Information form which Plaintiff completed, he self-identifies as African-American/Black (not of Hispanic origin). Defendant otherwise states that this paragraph calls for a legal conclusion to which no response is required.

33. At all relevant times COLEMAN was performing his duties and responsibilities as an employee of CP in a manner that met or exceeded the reasonable expectations of CP.

**RESPONSE:** Defendant denies the allegations of paragraph 33.

34. On October 9, 2019, DEFENDANT through its Road Foreman Doug Carl removed COLEMAN from service.

**RESPONSE:** Defendant denies the allegations of this paragraph 34 as pled.

35.     Similarly situated employees whose race is not African American were not treated in the same manner by CP.

**RESPONSE:** Defendant denies the allegations of paragraph 35.

36.     As detailed above COLEMAN made numerous complaints to CP's management and human resources Department relating to the unfair treatment and discrimination by CP.

**RESPONSE:** As to paragraph 36, Defendant states that the allegations call for a legal conclusion as to what constitutes a protected report, and puts Plaintiff to his strict proof thereof. To the extent a response is required, Defendant denies the allegations.

37.     CP failed to take any corrective action regarding the above.

**RESPONSE:** Defendant denies the allegations of paragraph 37.

38.     CP's failure to take corrective action was race discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended.

**RESPONSE:** Defendant denies the allegations of paragraph 38.

39.     CP's discriminatory actions caused COLEMAN to suffer severe humiliation, embarrassment, degradation, physical and emotional distress.

**RESPONSE:** Defendant denies the allegations of paragraph 39.

40.     As a direct and proximate cause of the intentional and discriminatory acts of CP complained herein, COLEMAN suffered and will continue to suffer pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

**RESPONSE:** Defendant denies the allegations of paragraph 40.

41.     COLEMAN demands a trial by jury.

**RESPONSE:** The allegations of paragraph 41 do not contain allegations of fact and thus require no response.

**WHEREFORE,** COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A.    Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

B.    Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C.    Order modifications or elimination of Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race;

D.    Compensate and make COLEMAN whole for all benefits he would have received but for the racially discriminatory practices of CP;

E.    Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F.    Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G.      Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H.      Grant such other Relief as may be just and proper.

**RESPONSE:**   Defendant denies the allegations of this unnumbered paragraph and purported requests for relief.

42.      COLEMAN realleges paragraphs one through thirty (1-30) above as if fully stated herein.

**RESPONSE:**   CP incorporates its Responses to Paragraphs 1 through 30 (and 1 through 41) as if fully set forth herein.

43.      COLEMAN is African American. As such COLEMAN is a member of a class protected under Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C.A. §§2000e to 2000e-17.

**RESPONSE:**   With respect to paragraph 43, Defendant cannot confirm or deny Plaintiff's race, but states that according to the Affirmative Action Voluntary Information form which Plaintiff completed, he self-identifies as African-American/Black (not of Hispanic origin). Defendant otherwise states that this paragraph calls for a legal conclusion to which no response is required.

44.      At all relevant times COLEMAN was performing his duties and responsibilities as an employee of CP in a manner that met or exceeded the reasonable expectations of CP.

**RESPONSE:** Defendant denies the allegations of paragraph 44.

45.      On October 19, 2019, DEFENDANT through its Superintendent Josh Beruit telephoned COLEMAN and told COLEMAN that he was terminated.

**RESPONSE:** As to paragraph 45, admits only that Bahruth called Plaintiff per CP's regular practice and read to him the letter over the phone. Otherwise denies the allegations, including the date alleged.

46.     On October 21, 2019, COLEMAN received a letter from DEFENDANT terminating his employment.

**RESPONSE:**   As to paragraph 46, Defendant is without information sufficient to admit or deny when Plaintiff received the letter, but states that his date of receipt should be reflected in the certified mail receipt.

47.     Similarly situated employees whose race is not African American were not treated in the same manner by CP.

**RESPONSE:** Defendant denies the allegations of paragraph 47.

48.     As detailed above COLEMAN made numerous complaints to CP's management and human resources Department relating to the unfair treatment and discrimination by CP.

**RESPONSE:** As to paragraph 48, Defendant states that the allegations call for a legal conclusion as to what constitutes a protected report, and puts Plaintiff to his strict proof thereof. To the extent a response is required, Defendant denies the allegations.

49.     CP failed to take any corrective action regarding the above.

**RESPONSE:** Defendant denies the allegations of paragraph 49.

50.     CP's failure to take corrective action was race discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended.

**RESPONSE:** Defendant denies the allegations of paragraph 50.

51.     CP's discriminatory actions caused COLEMAN to suffer severe humiliation, embarrassment, degradation, physical and emotional distress.

**RESPONSE:** Defendant denies the allegations of paragraph 51.

52.     As a direct and proximate cause of the intentional and discriminatory acts of CP complained herein, COLEMAN suffered and will continue to suffer pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

**RESPONSE:** Defendant denies the allegations of paragraph 52.

53.     COLEMAN demands a trial by jury.

**RESPONSE:** The allegations of paragraph 53 do not contain allegations of fact and thus require no response.

**WHEREFORE**, COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A.      Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

B.      Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C.      Order modifications or elimination of Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race;

D. Compensate and make COLEMAN whole for all benefits he would have received but for the racially discriminatory practices of CP;

E. Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F. Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G. Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H. Grant such other Relief as may be just and proper.

**RESPONSE:** Defendant denies the allegations of this unnumbered paragraph and purported requests for relief.

54. COLEMAN realleges paragraphs one through thirty (1-30) above as if fully stated herein.

**RESPONSE:** CP incorporates its Responses to Paragraphs 1-30 (and 1 through 54) as if fully set forth herein.

55. Title VII makes it an unlawful employment practice for an employer to retaliate against any employee who opposes or otherwise complains about an unlawful employment practice.

**RESPONSE:** With respect to paragraph 55, states it calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the statute speaks for itself and puts Plaintiff to his strict proof thereof.

56. At all relevant times COLEMAN was performing his duties and responsibilities as an employee of Soo Line Railroad d/b/a Canadian Pacific Railway in a manner that met or exceeded the expectations of CP.

**RESPONSE:** Defendant denies the allegations of paragraph 56.

57.     As detailed above COLEMAN made numerous complaints to CP's management and human resources Department relating to the harassment and discrimination he suffered.

**RESPONSE:** As to paragraph 57, Defendant states that the allegations call for a legal conclusion as to what constitutes a protected report, and puts Plaintiff to his strict proof thereof. To the extent a response is required, Defendant denies the allegations.

58.     CP failed to take any corrective action regarding the above.

**RESPONSE:** Defendant denies the allegations of paragraph 58.

59.     Instead, CP removed COLEMAN from service on or about October 9, 2019.

**RESPONSE:** With respect to paragraph 59, Defendant admits only that it properly removed Plaintiff from service on October 9, 2019, pursuant to the terms and provisions his CBA. Defendant denies the manner and insinuations as pled in this paragraph.

60.     COLEMAN's removal from service followed his complaints of discrimination within a short period of time, thereby raising an inference of retaliatory motivation.

**RESPONSE:** Defendant denies the allegations of paragraph 60.

61.     CP's failure to take corrective action was retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

**RESPONSE:** Defendant denies the allegations of paragraph 61.

62.     CP's discriminatory and retaliatory actions caused COLEMAN to suffer severe humiliation, embarrassment, degradation and emotional distress.

**RESPONSE:** Defendant denies the allegations of paragraph 62.

63.     The actions of CP are willful and intentional.

**RESPONSE:** Defendant denies the allegations of paragraph 63.

64.     As a direct and proximate cause of the intentional and discriminatory acts of CP complained herein, COLEMAN suffered and will continue to suffer pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

**RESPONSE:** Defendant denies the allegations of paragraph 64.

65.     COLEMAN demands a trial by jury.

**RESPONSE:** The allegations of paragraph 65 do not contain allegations of fact and thus no response is required.

**WHEREFORE,** COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A.     Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

B.     Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C.     Order modifications or elimination Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not retaliate against employees who make complaints of discrimination;

D.  Compensate and make COLEMAN whole for all benefits he would have received but for the racially discriminatory practices of CP;

E.  Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F.  Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G.  Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H.  Grant such other Relief as may be just and proper.

**RESPONSE:** Defendant denies the allegations of this unnumbered paragraph and purported requests for relief.

66.  COLEMAN realleges paragraphs one through thirty (1-30) above as if fully stated herein.

**RESPONSE:** CP incorporates its Responses to Paragraphs 1-30 (and paragraphs 1 through 65) as if fully set forth herein.

67.  Title VII makes it an unlawful employment practice for an employer to retaliate against any employee who opposes or otherwise complains about an unlawful employment practice.

**RESPONSE:** As to paragraph 67, states that this paragraph merely recites to the statutory law and makes no factual allegations to which a response is required. To the extent it seeks to claim Defendant violated this provisions, Defendant denies the allegations.

68.  At all relevant times COLEMAN was performing his duties and responsibilities as an employee of Soo Line Railroad d/b/a Canadian Pacific Railway in a manner that met or exceeded the expectations of CP.

**RESPONSE:** Defendant denies the allegations of paragraph 68.

69.     As detailed above COLEMAN made numerous complaints to CP's management and human resources Department relating to the harassment and discrimination he suffered.

**RESPONSE:** As to paragraph 69, Defendant states that the allegations call for a legal conclusion as to what constitutes a protected report, and puts Plaintiff to his strict proof thereof. To the extent a response is required, Defendant denies the allegations.

70.     CP failed to take any corrective action regarding the above.

**RESPONSE:** Defendant denies the allegations of this paragraph 70.

71.     Instead, CP terminated COLEMAN via telephone call on October 19, 2019 and via letter on or about October 21, 2019.

**RESPONSE:** With respect to paragraph 71, Defendant admits only that it properly terminated Plaintiff's employment by letter dated October 21, 2019, and pursuant to the terms and provisions his CBA following an investigative hearing. Defendant denies the remainder of the allegations of this paragraph including the manner and insinuations as pled in this paragraph.

72.     COLEMAN's termination followed his complaints of discrimination within a short period of time, thereby raising an inference of retaliatory motivation.

**RESPONSE:** Defendant denies the allegations of this paragraph 72.

73.     CP's failure to take corrective action was retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

**RESPONSE:** Defendant denies the allegations of this paragraph 73.

74.     CP's discriminatory and retaliatory actions caused COLEMAN to suffer severe humiliation, embarrassment, degradation and emotional distress.

**RESPONSE:** Defendant denies the allegations of this paragraph 74.

75.     The actions of CP are willful and intentional.

**RESPONSE:** Defendant denies the allegations of this paragraph 75.

76.     As a direct and proximate cause of the intentional and discriminatory acts of CP complained herein, COLEMAN suffered and will continue to suffer pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

**RESPONSE:** Defendant denies the allegations of this paragraph 76.

77.     COLEMAN demands a trial by jury.

**RESPONSE:**  The allegations of paragraph 77 do not contain allegations of fact and thus require no response.

**WHEREFORE,** COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A.     Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

B.     Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C.     Order modifications or elimination Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such

practices shown to be in violation of applicable law so that they will not retaliate against employees who make complaints of discrimination;

D.   Compensate and make COLEMAN whole for all benefits he would have received but for the racially discriminatory practices of CP;

E.   Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F.   Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G.   Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H.   Grant such other Relief as may be just and proper.

**RESPONSE:** Defendant denies the allegations of this unnumbered paragraph and purported requests for relief.

78.   COLEMAN realleges paragraphs one through thirty (1-30) above as if fully stated herein.

**RESPONSE:**   CP incorporates its Responses to Paragraphs 1-30 (and paragraphs 1 through 77) as if fully set forth herein.

79.   COLEMAN is African American. As such COLEMAN is a member of a class protected under Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C.A. §§2000e to 2000e-17.

**RESPONSE:** With respect to paragraph 79, Defendant cannot confirm or deny Plaintiff's race, but states that according to the Affirmative Action Voluntary Information form which Plaintiff completed, he self-identifies as African-American/Black (not of Hispanic origin).

Defendant otherwise states this paragraph calls for a legal conclusion to which no response is required.

80.     At all relevant times COLEMAN was performing his duties and responsibilities as an employee of CP in a manner that met or exceeded the reasonable expectations of CP.

**RESPONSE:** Defendant denies the allegations of paragraph 80.

81.     On July 12, 2021, COLEMAN received a letter terminating his employment with DEFENDANT.

**RESPONSE:** As to paragraph 81, states that Plaintiff's employment was terminated on or about July 12, 2021, but is without information sufficient to admit or deny when he received such letter.

82.     Similarly situated employees whose race is not African American were not treated in the same manner by CP.

**RESPONSE:** Defendant denies the allegations of paragraph 82.

83.     As detailed above COLEMAN made numerous complaints to CP's management and human resources Department relating to the unfair treatment and discrimination by CP.

**RESPONSE:** As to paragraph 83, Defendant states that the allegations call for a legal conclusion as to what constitutes a protected report, and puts Plaintiff to his strict proof thereof. To the extent a response is required, Defendant denies the allegations.

84.     CP failed to take any corrective action regarding the above.

**RESPONSE:** Defendant denies the allegations of paragraph 84.

85.     CP's failure to take corrective action was race discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended.

**RESPONSE:** Defendant denies the allegations of paragraph 85.

86.     CP's discriminatory actions caused COLEMAN to suffer severe humiliation, embarrassment, degradation, physical and emotional distress.

**RESPONSE:** Defendant denies the allegations of paragraph 86.

87.     As a direct and proximate cause of the intentional and discriminatory acts of CP complained herein, COLEMAN suffered and will continue to suffer pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

**RESPONSE:** Defendant denies the allegations of paragraph 87.

88.     COLEMAN demands a trial by jury.

**RESPONSE:** As to paragraph 88, Defendant states that it does not assert factual allegations, but rather makes a legal request, to which no response is required.

**WHEREFORE,** COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A.     Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

B.     Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C.     Order modifications or elimination of Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such

practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race;

D. Compensate and make COLEMAN whole for all benefits he would have received but for the racially discriminatory practices of CP;

E. Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F. Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G. Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H. Grant such other Relief as may be just and proper

**RESPONSE:** Defendant denies the allegations of this unnumbered paragraph and purported requests for relief.

89. COLEMAN realleges paragraphs one through thirty (1-30) above as if fully stated herein.

**RESPONSE:** As to paragraph 89, CP incorporates its Responses to Paragraphs 1 through 30 (and 1 through 88) as if fully set forth herein.

90. Title VII makes it an unlawful employment practice for an employer to retaliate against any employee who opposes or otherwise complains about an unlawful employment practice.

**RESPONSE:** As to the allegations of paragraph 90, Defendant states that this paragraph does not contain factual allegations to which a response is required, and states that the statute speaks for itself.

91.     At all relevant times COLEMAN was performing his duties and responsibilities as an employee of Soo Line Railroad d/b/a Canadian Pacific Railway in a manner that met or exceeded the expectations of CP.

**RESPONSE:** Defendant denies the allegations of paragraph 91.

92.     As detailed above COLEMAN made numerous complaints to CP's management and human resources Department relating to the harassment and discrimination he suffered.

**RESPONSE:** As to paragraph 92, Defendant states that the allegations call for a legal conclusion as to what constitutes a protected report, and puts Plaintiff to his strict proof thereof. To the extent a response is required, Defendant denies the allegations.

93.     CP failed to take any corrective action regarding the above.

**RESPONSE:** Defendant denies the allegations of paragraph 93.

94.     Instead, CP terminated COLEMAN via on July 12, 2021.

**RESPONSE:**  As to paragraph 94, Defendant admits only that Plaintiff was terminated by letter dated July 12, 2021 pursuant to the terms and provisions of his CBA and following an investigative hearing. Defendant otherwise denies the allegations of this paragraph 94 as alleged, including the manner and insinuations as alleged in this paragraph.

95.     COLEMAN's termination followed his complaints of discrimination within a short period of time, thereby raising an inference of retaliatory motivation.

**RESPONSE:** Defendant denies the allegations of paragraph 95.

96.     CP's failure to take corrective action was retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

**RESPONSE:**  Defendant denies the allegations of paragraph 96.

97.     CP's discriminatory and retaliatory actions caused COLEMAN to suffer severe humiliation, embarrassment, degradation and emotional distress.

**RESPONSE:** Defendant denies the allegations of paragraph 97.

98.     The actions of CP are willful and intentional.

**RESPONSE:** Defendant denies the allegations of paragraph 98.

99.     As a direct and proximate cause of the intentional and discriminatory acts of CP complained herein, COLEMAN suffered and will continue to suffer pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

**RESPONSE:** Defendant denies the allegations of paragraph 99.

100.    COLEMAN demands a trial by jury.

**RESPONSE:** The allegations of paragraph 100 do not contain allegations of fact and thus require no response.

**WHEREFORE**, COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A.      Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

B.      Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C.     Order modifications or elimination Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not retaliate against employees who make complaints of discrimination;

D.     Compensate and make COLEMAN whole for all benefits he would have received but for the racially discriminatory practices of CP;

E.     Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F.     Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G.     Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H.     Grant such other Relief as may be just and proper.

**RESPONSE:** Defendant denies the allegations of this unnumbered paragraph and purported requests for relief.

101.     COLEMAN re-alleges paragraphs one through thirty (1-30) above as if fully stated herein.

**RESPONSE:**  CP incorporates its Responses to Paragraphs 1-30 (and paragraphs 1 through 100) as if fully set forth herein.

102.     Plaintiff is an individual with a disability as defined by the Americans with Disabilities[1]

103.     Act ("ADA") and, as such, a member of a protected class under the ADA, 42 U.S.C. §12101, et. seq., as amended.

---

[1] This paragraph was broken up in this manner in Plaintiff's First Amended Complaint. Defendant has retained the likely unintended formatting error, however, in order to maintain the same paragraph numbering.

**RESPONSE:** As to paragraphs 102 and 103, CP states that these paragraphs call for a legal conclusion and to which no response is required. To the extent required, Defendant denies the allegations.

104. The ADA makes it unlawful for an employer to discriminate against qualified individual on the basis of disabilities. 42 U.S.C. § 12112(b).

**RESPONSE:** As to paragraph 104, Defendant states that this paragraph does not contain any factual allegations to which a response is required, and affirmatively states that the statute speaks for itself.

105. At all relevant times COLEMAN was diagnosed with sleep apnea, diabetes and high blood pressure.

**RESPONSE:** With respect to the allegations of paragraph 105, Defendant is without information sufficient to admit or deny the allegations and thus denies same.

106. DEFENDANT was aware of COLEMAN's diagnoses.

**RESPONSE:** As to paragraph 106, Defendant admits only that at some point in time it became aware Plaintiff had multiple medical diagnoses. Defendant otherwise denies the allegations of Paragraph 106.

107. DEFENDANT failed to engage in the interactive process with COLEMAN as required by law.

**RESPONSE:** Defendant denies the allegations of paragraph 107.

108. DEFENDANT failed to provide reasonable accommodations to COLEMAN as required by law.

**RESPONSE:** Defendant denies the allegations of paragraph 108.

109.    DEFENDANT knew and/or showed a reckless disregard for the matter of whether its conduct violated the ADA.

**RESPONSE:** Defendant denies the allegations of paragraph 109.

110.    As a direct and proximate cause of DEFENDANT's unlawful employment practices and retaliation, COLEMAN has suffered and continues to suffer, among other damages: loss of employment, wages, benefits and other compensation, emotional harm and mental anguish, embarrassment and related physical and psychological injuries of a severe and permanent nature.

**RESPONSE:**  Defendant denies the allegations of paragraph 110.

**WHEREFORE,** COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A.    Enter a declaratory judgment that the practices complained of herein are unlawful and violate the ADA;

B.    Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C.    Order modifications or elimination Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not retaliate against employees who make complaints of discrimination;

D.  Compensate and make COLEMAN whole for all benefits he would have received but for the discriminatory practices of CP;

E.  Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F.  Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G.  Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific Railway's willful discriminatory conduct; and

H.  Grant such other Relief as may be just and proper.

**RESPONSE:** Defendant denies the allegations of this unnumbered paragraph and purported requests for relief.

111.  COLEMAN realleges paragraphs one through thirty (1-30) above as if fully stated herein.

**RESPONSE:** CP incorporates its Responses to Paragraphs 1-30 (and paragraphs 1 through 110) as if fully set forth herein.

112.  COLEMAN is over the age of 40 and as such is protected by the ADEA 29 USC § 621 et. seq.

**RESPONSE:** As to paragraph 112, Defendant states that it calls for a legal conclusion and that the statute speaks for itself.

113.  COLEMAN was terminated on July 12, 2021.

**RESPONSE:** As to paragraph 113, Defendant admits Plaintiff's unionized employment was terminated by letter dated July 12, 2021 following an investigative hearing held pursuant to the CBA which governed his employment.

114.  COLEMAN'S performance was as good as other employees younger than him.

**RESPONSE:** Defendant denies the allegations of paragraph 114.

115.     DEFENDANT did not treat younger employees the way COLEMAN was treated.

**RESPONSE:** Defendant denies the allegations of paragraph 115.

**WHEREFORE**, COLEMAN prays that this Honorable Court grant judgment in his favor and against Defendant, Soo Line Railroad d/b/a Canadian Pacific Railway and this Court grant him the following relief:

A.     Enter a declaratory judgment that the practices complained of herein are unlawful and violate the ADEA;

B.     Permanently enjoin Soo Line Railroad d/b/a Canadian Pacific Railway, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

C.     Order modifications or elimination Soo Line Railroad d/b/a Canadian Pacific Railway's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not retaliate against employees who make complaints of discrimination;

D.     Compensate and make COLEMAN whole for all benefits he would have received but for the discriminatory practices of CP;

E.     Award COLEMAN other compensatory damages relating to CP's unlawful actions;

F.     Award COLEMAN the costs and disbursements of this action, including reasonable attorney's fees;

G.     Award COLEMAN punitive damages for Soo Line Railroad d/b/a Canadian Pacific

Railway's willful discriminatory conduct; and grant such other Relief as may be just and

proper.

**RESPONSE:** Defendant denies the allegations of this unnumbered paragraph and

purported requests for relief.

## AFFIRMATIVE DEFENSES

Defendant alleges the following Affirmative Defenses to Plaintiff's Amended Complaint ("Complaint") without assuming the burden of proof where such burden otherwise would be on Plaintiff pursuant to the applicable substantive or procedural law and without any admission of Plaintiff having fully properly plead or exhausted any and all such claims, all such rights and defenses being expressly preserved.

1.      Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted, including failure to state or establish purported claim, alleged damages or other claimed relief.

2.      Plaintiff's Complaint and claims fail to the extent they are precluded and/or preempted by the Railway Labor Act.

3.      Defendant acted reasonably, in good faith, and with justification at all times herein.

4.      Defendant's actions were based on legitimate, non-discriminatory and non-retaliatory business reasons.

5.      Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to exhaust administrative remedies or any necessary precondition(s) to suit.

6.      Plaintiff's Complaint and claims fail, in whole or in part, to the extent barred by applicable statute of limitations.

7.      Plaintiff's claim fails, in whole or in part, to the extent they are duplicative and/or seek remedies for the same alleged conduct addressed in other proceedings.

8.      Plaintiff's Complaint fails as he was not qualified.

9.      Defendant denies that race or other alleged impermissible factor raised herein played any role in any of the employment decisions challenged hereunder by Plaintiff. Alternatively, and protectively, in the event or to the extent the Court or jury concludes that race or other alleged impermissible factor was a motivating factor in any of the employment decisions challenged by Plaintiff, to the extent relevant or applicable, and which Defendant denies,

Defendant affirmatively claims that each such decision would have been made even without consideration of race or any other protected category alleged.

10.    To the extent claimed or alleged (but denied as asserted or exhausted by Defendant), Plaintiff's Complaint fails because Defendant exercised reasonable care to prevent and promptly investigated and corrected any alleged discriminatory or other unlawful behavior, and/or Plaintiff failed to make a good faith report that Defendant engaged in a violation or suspected violation of any federal law, or rule adopted pursuant to law, in accordance with *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); and *Faragher v. City of Boca Raton*, 524.U.S. 775 (1998).

11.    Plaintiff's claims fail to the extent Defendant had no knowledge.

12.    Plaintiff's Complaint, claims and demand for recovery fails to the extent they are barred, in whole or in part, by the doctrines of consent, unclean hands, release, accord and satisfaction, arbitration, waiver, laches, set off, ratification, preemption, consent, estoppel (judicial or collateral) and/or other equitable defenses.

13.    Plaintiff failed to take reasonable steps to mitigate his alleged damages, if any.

14.    Plaintiff's alleged damages, if any, were caused or contributed to by his own actions or omissions and/or the acts or omissions of others, over which Defendant had no control.

15.    To the extent Plaintiff engaged in other conduct during his employment that would have resulted in his discharge had Defendant known of such conduct, such conduct limits or bars Plaintiff's available remedies, including, but not limited to, the remedies of back pay, front pay, reinstatement, and/or compensatory damages.

16.    While not asserted but for precautionary protective purposes, to the extent of any purported claim or allegation by Plaintiff to seek punitive damages fails to state a claim upon which relief may be granted in that Defendant did not engage in any discriminatory practice with malice or reckless indifference for Plaintiff's federally protected rights. Furthermore, any compensatory or punitive damages, if available, would be subject to the limits on such damages set forth in and/or constitutional limits.

17.    To the extent Plaintiff seeks punitive damages, any such allegation fails because Defendant did not act with evil motive or intent or with reckless or callous indifference or disregard to the rights of Plaintiff.  Further, Defendant made good faith efforts to comply with the law and thus, cannot be held liable.

18.    Defendant exercised reasonable care to prevent and promptly correct any allegedly unlawful conduct, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

19.    Plaintiff does not have a qualifying disability, failed to request an accommodation that was reasonably and/or failed to engage in the interactive process and was not qualified.

20. Plaintiff's purported requested accommodation was not reasonable and would impose an undue hardship.

21. Plaintiff's allegedly requested accommodation would require exception to the governing CBA and/or violate a bona fide seniority system and is thus not reasonable.

22. Plaintiff failed to engage in the interactive process.

23. Plaintiff's claims fail to the extent he posed a direct threat to the health and safety of himself or others.

24. The claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of these affirmative defenses not specifically set forth above cannot be determined until Defendant has the opportunity to conduct discovery. Defendant therefore incorporates said affirmative defenses and expressly reserves the right to raise any of them as warranted by discovery.

25. Defendant reserves the right to assert supplements to the foregoing and assert any and all additional defenses as Plaintiff's claims are clarified in the course of litigation and as are available under the law as this action proceeds.

**WHEREFORE**, responding to Plaintiff's purported requests for relief, Defendant denies Plaintiff's claims and that Plaintiff is entitled to any of the requested relief. Defendant further respectfully requests that this Court enter judgment in its favor and against Plaintiff as follows:

1. Dismissing Plaintiff's Complaint in its entirety on the merits and with prejudice;

2. Denying Plaintiff's demands and prayers for any relief, both legal, equitable or any other kind;

3. Awarding Defendant its reasonable attorneys' fees and costs incurred in defending this action; and

4. Awarding Defendant such further relief as the Court deems just and proper.

Respectfully Submitted,


November 7, 2022

Defendant, Soo Line Railroad Company
d/b/a Canadian Pacific

/s/        *Tracey Holmes Donesky*
One of its attorneys.

John D. Galarnyk, Esq. #6191543
Andrew J. Cunniff, Esq. #6308820
Galarnyk & Associates, Ltd.
55 W. Monroe Street, Suite 3600
Chicago, Illinois 60603
312-441-5800
John@galarnykltd.com
Andrew@galarnykltd.com


Tracey Holmes Donesky (#302727)
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
tracey.donesky@stinson.com

*Admitted Pro Hac Vice*